Clark v. Gaither.

---

## CLARK v. GAITHER.

1. Proceedings by way of garnishment, against a debtor of the defendant in execution, are irregular, if commenced by a notice from the sheriff, without being supported by the affidavit required by statute.    It is not the sheriff's duty to proceed thus, and if the garnishment have no other support, a judgment by default upon it is erroneous.

WRIT of Error to the County Court of Coosa county.

The first proceeding in this cause is, a summons of garnishment, signed by J. M. C. Logan, sheriff of Coosa county, and directed to Clark.    It recites, that a judgment was rendered, and execution issued in the county court of Coosa county, at the Janu-

ry term of that court, wherein Eli E. Garther is plaintiff, and Edward Camp is defendant, for the sum of 671 dollars, which execution had been placed in said sheriff's hands, to do execution thereof. It then proceeds to notify Clark to appear at the next term of the county court of Coosa county, to be held on the 4th Monday of July, 1839, to answer, &c.

At the January term, 1840, a judgment *ni si*, was rendered against Clark for want of appearance. On this, a writ of *sci. fa.* issued, returnable to the July term, 1840, which was not served, but notwitastanding, the judgment was made final.

Clark here assigns as error, that the county court erred,

1. In giving judgment when there was no affidavit to support the writ of garnishment.

2. Because there was no return of *nulla bona* upon the execution.

3. Because there was no service of the writ of garnishment.

4. Because there was no service of the *sci. fa.*

SETH P. STORRS, for the plaintiff in error.
No counsel appeared for the defendant.

GOLDTHWAITE, J.—So far as we can determine, from what appears in the transcript sent here, the sheriff seems to have considered the process of garnisheeing a debtor of the defendant in execution, as a necessary part of his duty; for the summons is issued by him, and does not apperr to be supported by any affidavit. This is entirely unwarranted by any statute, for although many enactments authorise garnishee process after judgment, or after the return of *nulla bona* to an execution, yet all require an affidavit to be made, and the writ of garnishment seems necessary to be issued by the clerk. [Clay's Digest, 259.] The garnishee process then, is irregular, and this would be sufficient in itself to avoid the judgment, but in addition to this, there was neither service of the *sci. fa.* or the return of two *nihils*.

Let the judgment be reversed.